NO.
12-08-00039-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

§          

IN RE: FRANK HERBERT 

MCCLAIN, JR., RELATOR §          ORIGINAL
PROCEEDING

 

§          

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            Frank
Herbert McClain, Jr. has filed an original application for writ of habeas
corpus challenging the trial court’s revocation of his appeal bond by order
signed on August 28, 2007.[1] 
McClain states that his application is also filed as a “Writ of Mandamus
appealing the orders of the trial court on July 19, 2007 and August 23, 2007”
whereby he was denied an appeal bond prior to the hearing on the State’s motion
to revoke his appeal bond.  We dismiss
for want of jurisdiction in part and deny in part.

            The original
habeas jurisdiction of the courts of appeals is limited to those cases in which
a person's liberty is restrained because the person has violated an order,
judgment, or decree entered in a civil case. 
Tex. Gov’t Code Ann. §
22.221(d) (Vernon 2004).  Stated another
way, courts of appeals do not have original habeas corpus jurisdiction in
criminal law matters.  See id.  Accordingly, we are without jurisdiction to
grant the requested habeas relief.[2]

            To obtain
mandamus relief in a criminal case, the relator must establish that (1) the act
sought to be compelled is ministerial and (2) there is no adequate remedy at
law.  Dickens v. Second Court of
Appeals, 727 S.W.2d 542, 548 (Tex. Crim. App. 1987) (orig.
proceeding).  Here, the orders McClain
challenges by mandamus relate to the revocation of his appeal bond and are
appealable.  See Tex. Code Crim. Proc. Ann. art.
44.04(g).  Consequently, he has not shown
that he has no adequate remedy at law. 
Therefore, he cannot satisfy the requirements for mandamus.

            Because we
have no original habeas jurisdiction in criminal cases and because McClain has
not shown that he is entitled to mandamus, we dismiss for want of
jurisdiction the portion of McClain’s application seeking habeas relief
and we deny McClain’s request for mandamus relief.

 

                                                                                                     BRIAN HOYLE    

                                                                                                              
Justice

 

 

Opinion delivered January 23,
2008.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] The
respondent is the Honorable Paul E. White, Judge of the 159th Judicial District
Court, Angelina County, Texas.  





[2] McClain states that this
application is filed pursuant to Texas Rule of Appellate Procedure 52.7, which
governs the filing of original proceedings. 
He also cites Texas Rule of Appellate Procedure 31.2, which pertains to
appeals in habeas corpus or bail proceedings, and refers to this proceeding as
an appeal.  However, he has not filed a
notice of appeal from any of the orders he refers to in his habeas
application.  See Tex. Code Crim. Proc. Ann. art.
44.04(g) (Vernon 2006) (appeal available for review of any judgment or order
made under article 44.04 relating to appeal bond).  Moreover, his habeas application was filed on
January 22, 2008.  Thus, even if we were
to consider his application a notice of appeal, it would be untimely.  See Tex.
R. App. P. 26.2(a)(1) (notice of appeal in criminal case to be filed
within thirty days after the day the trial court enters an appealable
order).  Therefore, we consider this an
original proceeding.